FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 FEB 19  PM 3: 02

MARGARET BOTKINS, CLERK
CHEYENNE

James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Jakhongir Usmanov, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 21-CV-34-F |
| West Coast Trucking, LLC and<br>Sukhwinder Mahal, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Jakhongir Usmanov, by and through undersigned counsel, brings this *Complaint* against West Coast Trucking, LLC and Sukhwinder Mahal. Plaintiff alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Jakhongir Usmanov is a lawfully admitted permanent resident of the United States who is domiciled in the State of Georgia.

2. West Coast Trucking, LLC is a limited liability company registered in the State of California with its principal place of business in the State of California.

3. Sukhwinder Mahal is a citizen and resident of the State of California.

4. This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. § 1332 as this is an action between a lawfully admitted permanent resident of the United States who is domiciled in the State of Georgia, and citizens of the State of California and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) as a substantial part of the matters, events, and omissions giving rise to the claims occurred in the District of Wyoming.

## FACTS

6. On October 24, 2020, Sukhwinder Mahal was driving a commercial motor vehicle owned by West Coast Trucking, LLC, eastbound on I-80 in Carbon County, Wyoming.

7. West Coast Trucking, LLC employed Mr. Mahal to drive its commercial motor vehicle.

8. At the same time, Jakhongir Usmanov was driving a semi-tractor and trailer westbound on I-80 in Carbon County, Wyoming.

9. Mr. Mahal was driving too fast for the conditions, lost control, went off the roadway to his left, crossed the median, entered the westbound lanes, and crashed head-on into Mr. Usmanov, causing injuries and damages.

**FIRST CLAIM FOR RELIEF – NEGLIGENCE OF SUKHWINDER MAHAL**

10. Plaintiff restates the allegations above and below and incorporates them by reference.

11. Mr. Mahal had a duty to drive the commercial motor vehicle with ordinary care under the circumstances.

12. Mr. Mahal had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

13. Mr. Mahal had a duty to have the commercial motor vehicle he was driving under reasonable control.

14. Mr. Mahal had a duty to keep a proper lookout for other persons using the roadway.

15. Mr. Mahal breached those duties when he lost control of the commercial motor vehicle he was driving, entered the oncoming lane of travel, and crashed head-on into the vehicle driven by Mr. Usmanov.

16. Mr. Mahal's breach of his duties played a substantial part in bringing about Mr. Usmanov's injuries and damages.

### SECOND CLAIM FOR RELIEF – VICARIOUS LIABILITY OF WEST COAST TRUCKING, LLC

17. Plaintiff restates the allegations above and below and incorporates them by reference.

18. Mr. Mahal was employed by West Coast Trucking, LLC and was acting within the course and scope of his employment with West Coast Trucking, LLC at all times relevant to this *Complaint*.

19. In the alternative, Mr. Mahal was acting as West Coast Trucking, LLC's agent at all times relevant to this *Complaint*.

20. As Mr. Mahal was acting with the course and scope of his employment with West Coast Trucking, LLC, and/or was acting as the agent of West Coast Trucking, LLC when he negligently caused Mr. Usmanov's injuries and damages, West Coast Trucking, LLC is vicariously liable for Mr. Mahal's negligence.

### THIRD CLAIM FOR RELIEF – NEGLIGENCE OF WEST COAST TRUCKING, LLC

21. Plaintiff restates the allegations above and below and incorporates them by reference.

22. West Coast Trucking, LLC had a duty to exercise ordinary care in the operations of its commercial motor vehicles.

23. West Coast Trucking, LLC had a duty to exercise ordinary care when it hired Mr. Mahal.

24. West Coast Trucking, LLC had a duty to exercise ordinary care when it trained Mr. Mahal.

25. West Coast Trucking, LLC had a duty to exercise ordinary care when it retained Mr. Mahal.

26. West Coast Trucking, LLC breached its duties of ordinary care and those breaches played a substantial part in bringing about Mr. Usmanov's injuries and damages.

### FOURTH CLAIM FOR RELIEF – NEGLIGENT ENTRUSTMENT

27. Plaintiff restates the allegations above and below and incorporates them by reference.

28. West Coast Trucking, LLC supplied Mr. Mahal with the commercial motor vehicle he was driving at all times relevant to this *Complaint*.

29. West Coast Trucking, LLC knew or had reason to know Mr. Mahal was likely to use its commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom West Coast Trucking, LLC should expect to be endangered by its use.

30. West Coast Trucking, LLC knew or should have known that Mr. Mahal was not competent to use its commercial motor vehicle.

31. West Coast Trucking, LLC's negligent entrustment of its commercial motor vehicle to Mr. Mahal played a substantial part in bringing about Mr. Usmanov's injuries and damages.

### FIFTH CLAIM FOR RELIEF – NEGLIGENT SUPERVISION

32. Plaintiff restates the allegations above and below and incorporates them by reference.

33. In the alternative, if Mr. Mahal was not acting within the course and scope of his employment with West Coast Trucking, LLC, then Plaintiff alleges that West Coast Trucking, LLC had a duty to control Mr. Mahal to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Mr. Usmanov.

34. Mr. Mahal was using a chattel of West Coast Trucking, LLC, namely its commercial motor vehicle, at all times relevant to this *Complaint*.

35. West Coast Trucking, LLC knew or had reason to know that it had the ability to control Mr. Mahal.

36. West Coast Trucking, LLC knew or should have known of the necessity and opportunity for exercising such control over Mr. Mahal.

37. West Coast Trucking, LLC's breach of its duty to control Mr. Mahal played a substantial part in bringing Mr. Usmanov's injuries and damages.

### DAMAGES

38. Plaintiff restates the allegations above and below and incorporates them by reference.

39. As a result of Mr. Mahal's conduct and West Coast Trucking, LLC's conduct, Mr. Usmanov experienced, and will in the future experience, pain and suffering as a result of the injuries, loss of enjoyment of life, loss of earnings and earning capacity, and medical expenses.

WHEREFORE, Plaintiff claims compensatory damages in an amount to be determined at trial, substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and such further relief as the Court deems just.

Dated this 19th day of February, 2021.

*/s/ James E. Fitzgerald*
James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com